***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 23, affirmed October 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACOB TODD BOYUM,
*Defendant-Appellant.*

Crook County Circuit Court
20CN01594; A175090

Michael R. McLane, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Eric Seepe, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals from a general judgment of contempt. The circuit court found that defendant "violated the no-contact terms of the protective order in 20PO02632 by initiating contact with the protected individual, [T], through a third party," defendant's mother. It imposed a suspended jail sentence and placed defendant on bench probation. Defendant assigns error to the trial court's finding of contempt, arguing that the state failed to establish that he willfully violated the restraining order. In particular, defendant disputes that the evidence was sufficient to support the finding that his mother called T at his request to get information for him. We conclude that the trial court did not err, and we affirm.

ORS 33.015(2) defines "contempt of court" to include "the following acts, done willfully":

"*****

"(b) Disobedience of, resistance to or obstruction of the court's authority, process, orders or judgments."

To establish punitive contempt, the state must "prove beyond a reasonable doubt that a valid court order exists, that the defendant knew of the order, and that the defendant voluntarily failed to comply with it." *State v. Simmons*, 314 Or App 507, 511-12, 499 P3d 127 (2021). "[W]illfully" in this context means "intentionally and with knowledge that the act *** was forbidden conduct." *Id.* at 512. Defendant asserts that the state failed to prove that he acted "willfully".

Because defendant argues that there was insufficient evidence for the court to find that he willfully violated the FAPA restraining order, we proceed as if we were reviewing the denial of a motion for a judgment of acquittal. *Id.* at 511. "We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt." *State v. Trivitt*, 247 Or App 199, 203, 268 P3d 765 (2011) (internal quotation marks omitted).

The evidence adduced at trial focused on two phone calls made by defendant's mother to T. Reviewing the evidence in accordance with our standard of review, we conclude that the second call alone was sufficient to support the court's finding of contempt beyond reasonable doubt. That second call was received by T while she was speaking with Officer Hagen about the first call. Officer Hagen directed T to put the call on speakerphone, at which point the officer spoke directly with defendant's mother. During that call, defendant's mother told Hagen that "it wasn't [her] choice" to call T, and that defendant had asked her to call T because he wanted to know why T was blocking his calls. Although the restraining order permitted defendant's mother to contact T about defendant's parenting time, a rational trier of fact could infer from that evidence, describing the mechanics of how the call came to be placed and its purpose, that defendant had directed his mother to make the call for an impermissible purpose.

Affirmed.